# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ROBERTO JOSE MANDIQUE MEJIAS,**

        **Petitioner,**

      **v.**                            **Case No. 25-CV-1998**

**DALE J. SCHMIDT,**[1]
    *Dodge County Sheriff,*

        **Respondent.**

---

## ORDER TO SHOW CAUSE

---

On December 19, 2025, Roberto Jose Mandique Mejias filed a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Mejias filed an amended petition

on January 5, 2026, which now serves as the operative petition. (ECF No. 11; *see also* Fed.

R. Civ. P. 15(a)(1) (permitting one amendment as a matter of course).) Mejias is a citizen

of Venezuela who is currently detained in this district at the Dodge County Jail. (ECF

---

[1] "Pursuant to federal habeas statute, the proper respondent to a habeas petition is the person who has custody over the Petitioner." *Levario-Garcia v. Prim*, No. 16-C-11364, 2017 WL 1181592, 2017 U.S. Dist. LEXIS 46849, *4 (N.D. Ill. Mar. 29, 2017) (citing 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). "The Seventh Circuit has made clear that in the immigration context, the warden where the alien is detained pending removal is the proper custodian for habeas purposes, and not other federal actors." *Id.* (citing *Kholyavskiy v. Achim*, 443 F.3d 946, 953–54 (7th Cir. 2006)). Mejias is in custody at the Dodge County Jail. The official ultimately in charge of that facility is the Dodge County Sheriff, Dale J. Schmidt. The Clerk of Court shall update the caption to name Sheriff Dale J. Schmidt as the respondent and terminate all other persons identified as respondents.

No. 11, ¶¶ 11, 18.) He was arrested and advised that he is subject to expedited removal at a voluntary check-in appointment with the Enforcement and Removal Operations (ERO) division of Immigration and Customs Enforcement (ICE). (*Id.*, ¶¶ 18, 55.)

Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2), the court may apply the Rules Governing Section 2254 cases to habeas petitions under 28 U.S.C. § 2241. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must screen the petition to determine whether it may proceed. *See* Rule 4, Rules Governing § 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

1. **Background**

According to the petition, Mejias has resided in the United States since 2021, when he was released on an order of recognizance under Section 236 of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1226. (ECF No. 11, ¶¶ 2, 52–53; *see also* ECF No. 12-2 (order of release on recognizance).) Mejias was arrested on November 3, 2025, at a regular check-in appointment required by his release on recognizance. (ECF No. 11, ¶ 55.) Mejias had applied for asylum and learned that his request was denied after his arrest. (ECF No. 11, ¶ 54.) He has since filed an application for a stay of deportation and intends to seek relief in removal proceedings. (ECF No. 11, ¶ 64; ECF No. 12-12 (application for stay of deportation or removal).)

2

On November 17, 2025, an immigration judge ordered that Mejias be released from custody under bond of $7,500. (ECF No. 11, ¶ 57; *see also* ECF No. 12-10 (order for release on bond).) On November 18, 2025, ICE rejected Mejias' bond payment because the government is appealing the bond determination on the grounds that Mejias is subject to mandatory detention. (ECF No. 11, ¶ 57; ECF No. 12-11 (refusal of bond payment).)

Mejias argues that the government has not established he is subject to expedited removal and, therefore, to mandatory detention. (ECF No. 11, ¶ 61.) He contends that the government has violated the INA by applying the mandatory detention provision (8 U.S.C. § 1225(b)(2)) to noncitizens like him who have been residing in the United States prior to being apprehended and placed in removal proceedings. (ECF No. 11, ¶ 68.) Mejias acknowledges that ICE authorized this practice in a new policy issued in coordination with the Department of Justice on July 8, 2025. (ECF No. 11, ¶¶ 40–41.) But he alleges that no federal court to consider this interpretation of the INA has accepted it. (ECF No. 11, ¶ 45 (collecting cases); *but see Rojas v. Olson*, No. 25-CV-1437-BHL, 2025 WL 3033967, at *5–10 (E.D. Wis. Oct. 30, 2025) (concluding that ICE's interpretation does not violate the INA); *Ugarte-Arenas v. Olson*, No. 25-C-1721-WCG, 2025 U.S. Dist. LEXIS 252600, at *12 (E.D. Wis. Dec. 8, 2025) (same).) Accordingly, Mejias requests that he be released pursuant to 8 U.S.C. § 1226(a) and the immigration judge's order for release on bond. (ECF No. 11 at 24.)

## 2. Analysis

A habeas petition under 28 U.S.C. § 2241 can serve as a forum for statutory and constitutional challenges to detention orders in immigration proceedings. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001); *see also Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000) (noting that § 2241 petitions are used to challenge the fact or duration of confinement).

Mejias' petition adds to a long line of cases across the country that have challenged ICE's mandatory detention policy on statutory and constitutional due process grounds. While results have varied, no binding precedent currently dictates the outcome. *Compare Rojas*, No. 25-CV-1437-BHL, 2025 WL 3033967, at *5–10 (denying petition), *with*, *Alonso v. Olson*, No. 25-CV-1660-LA, 2025 WL 3240928, at *3 (E.D. Wis. Nov. 20, 2025) (granting petition and ordering that noncitizen be given a bond reconsideration hearing).) Having reviewed Mejias' filings and the legal landscape, the court cannot say that the petition is subject to summary dismissal.

Because it does not appear from the face of the petition that Mejias is not entitled to relief under § 2241, the court will order the respondent to show cause why the writ should not be issued. *See* 28 U.S.C. § 2243 (requiring a court to "issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto").

Section 2243 requires the respondent to show cause within three days. However, the Rules Governing Section 2254 Cases, which have "the force of a superseding statute," afford the court wide discretion in setting a schedule for the resolution of the petition. *Bleitner v. Welborn*, 15 F.3d 652, 653–54 (7th Cir. 1994); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1994). The court concludes that seven days is appropriate.

## 3. Conclusion

**IT IS THEREFORE ORDERED** that Sheriff Dale J. Schmidt is substituted as the respondent. All other individuals and entities named by the petitioner are dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve the respondent with a copy of the petition and this order.

**IT IS FURTHER ORDERED** that within **seven days** of the date of this order the respondent shall answer the petition and show cause why the writ should not be issued. The petitioner shall reply no later than **three days** thereafter.

Dated at Milwaukee, Wisconsin this 7th day of January, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge